Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4652 | **DATE** | 5/9/2001 |
| **CASE TITLE** | Netzky vs. Fiedler | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, the motion to dismiss for lack of personal jurisdiction (9-1) is granted in part and denied in part. The claims against defendants James McCullough, John Eger, Thomas Markley, and Jack Donnelly are dismissed for lack of personal jurisdiction. The motion for improper venue and to transfer is denied (9-2).

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 15 2001 | 16 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | ED-7 | IS docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 MAY 14 PM 5:33 | | |
| | OR | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAY 1 5 2001

| | |
|---|---|
| THEODORE P. NETZKY AND RONALD N. WEISER TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES FIEDLER, DANIEL LATHAM JAMES R. MCCULLOUGH, JACK E. DONNELLY, JOHN M. EGER, SYDNEY B. LILLY, J. THOMAS MARKEY, STEPHEN W. PORTNER AND QUENTRA NETWORKS, INC.,<br><br>Defendants. | Case No. 00 C 4652 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiffs have brought suit in diversity, alleging breach of contract, fraudulent misrepresentation, negligent misrepresentation, and breach of fiduciary duty. The claims arise from a private placement fundraising effort undertaken by the defendants in 1997.[1] Defendant directors and officers have moved to dismiss or transfer venue; the motion is denied in part and granted in part.

### DISCUSSION

The motion seeks dismissal under Rule 12(b)(2) for lack of personal jurisdiction, dismissal under Rule 12(b)(3) for improper venue, or transfer under 28 U.S.C. §1404(a) to the Central District of California. Defendants argue that this Court does not have personal jurisdiction over any of the

---

[1] Defendant company, Quentra Networks, Inc., has declared bankruptcy and an automatic stay under 11 U.S.C. §362(a) is in effect as to that party. This Order does not apply to Quentra.

directors and officers (residents of Wisconsin, Arizona, Massachusetts, California, and the United Kingdom); or, in the alternative, that transfer is appropriate given the interests of justice.

*Motion to Dismiss for Lack of Personal Jurisdiction*

This Court has personal jurisdiction over diversity claims to the extent that an Illinois court would have personal jurisdiction. *Michael J. Neuman & Assoc., Ltd. v. Florabelle Flowers, Inc.*, 15 F.3d 721, 724 (7th Cir. 1994). Defendants raise the fiduciary shield doctrine as a defense to personal jurisdiction. In Illinois, the fiduciary shield doctrine bars claims against a non-resident party if he has "contact with a State only by virtue of his acts as a fiduciary of a corporation." *Alpert v. Bertsch*, 235 Ill. App. 3d 452, 461, 601 N.E.2d 1031, 1037 (1992). The fiduciary shield doctrine has two exceptions, both of which are relevant to this case: "(1) the shield is removed if the individuals personal interests motivated his actions, and (2) the shield generally does not apply when the individual's actions are discretionary." *Jones v. Sabis Educational Systems, Inc.*, 52 F. Supp. 2d 868, 884 (N.D. Ill. 1999) (citations omitted). *See also Plastic Film Corp. of America, Inc. v. Unipac, Inc.*, 128 F. Supp. 2d 1143, 1147 (N.D. Ill. 2001) (collecting cases); *Renner v. Grand Trunk Western R. Co.*, 263 Ill. App. 3d 547, 551, 641 N.E.2d 1, 3 (1994) (declining to apply fiduciary shield to party who could not show that "the acts giving rise to his status as a defendant in this suit were compelled by the order of his employer").

With regard to the personal interest exception, plaintiff alleges that those defendants who were directors or officers at the time of the 1997 investment solicitation in Chicago "were able to keep their jobs, negotiate new and lucrative employment agreements, and have their holdings in Quentra retain value" as a result of the private placement. Response Brief at 12.[2] The company's

---

[2] The jurisdictional allegations in the complaint, affidavits, and pleadings are taken as true unless controverted, with any conflicts normally resolved in plaintiff's favor. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997)

SEC filing of March 31, 1998 reveals that defendants Donnelly, Fiedler, Latham, Lilly, and Portner possessed large holdings of shares, options, and warrants in the company. *Id.*, Exhibit B. Latham, Fiedler, and Portner personally invested large sums in the company as part of the 1997 round of financing, thereby increasing their personal financial interest in securing investment capital to secure their own investment. *Id.* In January 1998, Latham received a $500,000 interest-free loan for a "partial down payment" on a house. *Id.*, Exhibit C. With regard to the discretionary function, the defendants were the senior management of the company; it is difficult to imagine them exercising more discretion. Accordingly, the fiduciary shield doctrine does not preclude assertion of personal jurisdiction over these defendants.

Under Illinois law, personal jurisdiction can be founded on certain enumerated bases, such as doing business in the state, 735 ILCS 5/2-209(a)(1), as well as "any other basis" permitted under the Federal Constitution. 735 ILCS 5/2-209(c). In a case like this one, personal jurisdiction reaches only those parties who have had minimum contacts with Illinois such that this lawsuit would not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Specific personal jurisdiction extends to lawsuits "arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984). Defendants Feidler, Latham, and Lilly traveled to Chicago in 1997 for the purpose of soliciting investment capital. Netzky Affidavit ¶2. Plaintiff Netzky negotiated the registration rights agreement through counsel working in Chicago. *Id.* at ¶3. The respective companies owned by plaintiffs and defendants entered into a consultancy agreement that was in effect until June 1998, as well as a separate registration rights agreement. *Id.* at ¶4. Netzky and his business associates in Illinois had "frequent discussions" with Fiedler, Latham and Portner over the telephone. *Id.* at ¶5. Feidler sent plaintiffs a letter on July 31, 1998, the content of which

3

forms the basis for plaintiffs' fraudulent misrepresentation claim against him. *Id.* at ¶8. These defendants' contacts with Illinois are the very basis of this lawsuit. *See FMC Corp. v. Varonos*, 892 F.2d 1308, 1313-14 (7th Cir. 1990) (finding jurisdiction over non-resident who faxed fraudulent misrepresentations to Illinois). This is sufficient to satisfy federal due process concerns as to those defendants who were involved in the investment solicitation, actively communicating with Netzky and his consulting company, and aware of the July 31, 1998 letter.

The motion to dismiss for lack of personal jurisdiction is denied as to James Fiedler, Daniel Latham, Sydney Lilly, and Stephen Portner, but granted as to James McCullough, John Eger, Jack Donnelly, and Thomas Markley. The former defendants were directors or officers when the events in this case took place; the latter defendants became directors or officers afterwards. Furthermore, the plaintiffs have alleged specific conduct in Illinois by Fiedler, Latham, and Lilly relating to this dispute, as well as extended business communications by Portner in addition to those defendants.

*Motion to Dismiss for Improper Venue*

The motion to dismiss for improper venue is denied. Venue is proper in the Northern District of Illinois under 28 U.S.C. §1391(a)(2), given that the investment solicitation took place in Chicago and the July 31, 1998 letter was sent to plaintiff Netzky in Chicago; a substantial part of the events or omissions giving rise to the claim occurred in this District.

*Motion to Transfer to Central District of California*

The motion to transfer is denied. This Court may, "for the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). Venue is proper in both the Northern District of Illinois and the Central District of California, as substantial portions of the acts or omissions took place in both districts. Defendants, as movants, bear the burden of establishing, by reference to

4

particular circumstances, that the transferee forum is clearly more convenient. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).

Five factors are relevant to the convenience analysis: (1) the plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease of access to sources of proof, (4) the convenience of the parties, and (5) the convenience of the witnesses. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 959 (N.D. Ill. 2000). A plaintiff's choice of forum is entitled to deference, particularly when he has chosen his home forum. *Id.* at 960. The situs of the material events is somewhat unclear, given that they took place in Illinois, Wisconsin (where Quentra's counsel negotiated the contract), and California. Some sources of proof may be easier to access in California, but the convenience of the parties and witnesses does not clearly favor Illinois or California. The remaining defendants reside in California, Wisconsin, and the United Kingdom. The plaintiffs reside in Illinois and Michigan. Given Chicago's central location and relative proximity to at least some of the defendants, Illinois is more convenient for all of the parties and witnesses.

The interests of justice include such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989). The latest statistics indicate that the Northern District of Illinois disposes of civil cases in 5.1 months, on average, while the Central District of California disposes of civil cases in 7.5 months. *See* Judicial Business of the United States Courts, Table C-5 (covering the 12-month period ending September 30, 2000). *E.g., Vandeveld v. Christoph*, 877 F. Supp. 1160, 1169 (N.D. Ill. 1995) (comparing statistics for the Northern District of Illinois and the Southern District of Florida). This data suggests that the Northern District of Illinois would resolve the plaintiffs' Complaint only slightly more quickly. With regards to the efficacy of trying litigation together, the plaintiffs point out that

defendant Quenta Networks has appeared in two suits filed in the Circuit Court of Cook County, one of which entails nearly identical claims relating to the 1997 private placement. Response Brief, Exhibit H., Amended Verified Complaint. Given that Chicago is already the site of litigation, it would seem to suit the interests of justice for this dispute to remain here. As for the relevant law, neither party has informed the Court but it appears from the exhibits that the contract at issue contains a choice of law provision specifying Delaware law. *Id.*, Exhibit G, Registration Rights Agreement ¶8. Accordingly, neither this Court nor the Central District of California would be more familiar with the law governing this dispute.

The defendants have failed to meet their burden of showing the Central District of California to be clearly more convenient. Although California might be more convenient given somewhat easier access to records and the ongoing bankruptcy proceedings, Chicago is closer to some of the remaining defendants (Portner and Lilly), was chosen by plaintiff Netzky as his home forum, and is the site of ongoing, related litigation.

## CONCLUSION

The motion to dismiss for lack of personal jurisdiction [9-1] is granted in part and denied in part. The claims against defendants James McCullough, John Eger, Thomas Markley, and Jack Donnelly are dismissed for lack of personal jurisdiction. The motion to dismiss for improper venue and to transfer [9-2] is denied.

Dated: May 9, 2001

MATTHEW F. KENNELLY
United States District Judge